## No. 9193

### Orleans

---

## TAYLOR v. HARRIS

---

(Nov. 2, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Marriage—Par. 5.**

Evidence of cohabitation and living together is insufficient to establish a slave marriage, where no proof is made of the consent of the master and nothing upon which the conclusion could be reached that there was a bona fide intention to assume the marital relation.

Appeal from the Twenty-eighth Judicial District Court for the Parish of St. Charles, No. 1001, the late H. M. Gautier, Judge.

Action by Nelson Taylor et al., against Euphrosine Harris et al.

There was judgment for defendants and plaintiffs appealed.

Judgment affirmed.

Prentiss E. Edrington, Jr., of New Orleans, attorney for plaintiffs, appellants.

L. H. Gosser and F. A. Middleton, of New Orleans, attorneys for defendants, appellees.

WESTERFIELD, J. On November 27, 1916, Euphrosine Antoine, the widow of Isham Harris, who died March 20, 1908, caused herself to be recognized and put in possession of his succession as widow in community and sole heir, by a judgment of the Twenty-eighth Judicial District Court for the Parish of St. Charles rendered ex parte. The succession con-

sisted entirely of real estate situated in the Parish of St. Charles. On June 7, 1921, plaintiffs herein brought this action against Euphrosine Antoine Harris and some fourteen other individuals to whom Euphrosine Harris had sold portions of the Harris real estate in the meantime, claiming to be the sole and only legal heirs of Isham Harris and praying for a decree, declaring the judgment of November 27, 1916, and all subsequent alienations of the Harris property by Euphrosine Harris a nullity and approving and recognizing the plaintiffs as the lawful owners of the property. Defendants admitted possession of the property but denied all the other allegations of plaintiffs. There was judgment for defendants, dismissing plaintiffs' suit, and plaintiffs have appealed.

Isham Harris, whose property is in dispute, left surviving him, two sisters, Fannie and Harriet Harris, both of whom have since died. The plaintiffs here are claiming as legitimate children of the deceased sisters. Defendants contend that neither sister was married, and could therefore have no legal descendants and also that the parents of all the Harrises, Nelson and Margaret Harris, were unmarried and that Fannie, Harriet and Isham Harris were natural children, who under the law are incapable of inheriting from each other to the prejudice of a surviving wife. R. C. C. 924, reads as follows:

"If a married man has left no lawful descendants nor ascendants, nor any collateral relations, but a surviving wife, not separated from bed and board from him, the wife shall inherit from him, to the exclusion of any natural child or children duly acknowledged."

By collateral relations we understand the Code to mean lawful collaterals, Montegut vs. Bacas, 42 La. Ann. 159, 7 South. 449. In this connection see also Succession of Ducroslange, 2 La. Ann. 98. It follows that the wife, Euphrosine Harris, was entitled to Isham's succession unless his collateral relations were lawful collaterals. In other words, were Isham's parents, Nelson and Margaret, married? All parties to this litigation are negroes and, if there was a marriage between Nelson and Margaret, it was a slave marriage, for both of them were slaves at the time of the alleged marriage. The rule with respect to the proof of slave marriages is thus stated by Justice Dawkins in the Succession of Blackburn, 154 La. 619, 98 South. 43:

"The true solution and underlying basis for recognition of a slave marriage is that there should have been a bona fide intention of the parties to assume, with the consent of their masters, the relation of husband and wife, and that this intention should have been carried out by the living together as such thereafter, in good faith, both before and subsequent to emancipation."

Succession of Blackburn, 154 La. 619, 98 South. 43.

The proof concerning the alleged marriage of Nelson and Margaret Harris is most unsatisfactory. So much so that we are unable to conclude that there was any sort of marriage between the two. We realize the difficulty in obtaining as well as administering such proof, but we can not, because of the difficulties involved give legal effect to evidence which does not amount to the beginning of proof. Nelson and Margaret lived as slaves on the Pecan Grove plantation in the Parish of St. Charles. All the witnesses tendered to prove, or disprove the marriage, are very old negroes. Few of them know their age, which in every case is far advanced. The only point upon which all are agreed is that Margaret had four or five children. Some witnesses impute the patern-

ity of the children to Nelson and others to an individual called "Pete". Honors are no better than even in that respect. There is no evidence of the consent of their master and nothing which would justify us in holding that there was any intention to assume the marital relation. The best that could be said of the evidence is that it establishes the fact that Nelson and Margaret lived together. This fact of itself can not constitute proof of a marriage, even a slave marriage. Besides there was an interregnum caused by "Pete".

Plaintiffs bring this suit 13 years after the death of Isham Harris and 8 years after his widow was placed in possession and had disposed of most of his property. This circumstance adds nothing to the strength of plaintiff's case which is otherwise very weak.

For the reasons assigned the judgment appealed from is affirmed.